Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 40 - 97 C 8132 | DATE | 12/29/2000 |
| CASE TITLE | | Phelan vs. City of Chicago | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order. Defendant's motion to dismiss counts I, II and III of plaintiff's amended complaint [0-1, 41-1] is granted and Counts I, II and III of the plaintiff's amended complaint are hereby dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 0 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/2/2001 | |
| SM | courtroom deputy's initials | 01 JAN -2 PM 4:57 | date mailed notice SM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES PHELAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 99 C 0040 |
| | ) Case No. 97 C 8132 |
| CITY OF CHICAGO, | ) Magistrate Judge Ian H. Levin |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

DOCKETED
JAN 0 3 2001

Plaintiff James Phelan ("Plaintiff") has brought a four-count Amended Complaint alleging that his employment with the City of Chicago ("City") was unlawfully terminated in October of 1997. The City moves the court to dismiss Counts I, II, and III of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the court grants the City's motion to dismiss.

## BACKGROUND FACTS

In 1992, Plaintiff was hired by the City as a police officer. (Am. Compl. ¶ 5.) After Plaintiff took a leave of absence from the City to serve as an Illinois State Representative, he graduated from the Chicago Police Academy in September of 1993. (*Id.*) In October of 1993, the Chicago Police Department granted Plaintiff a leave of absence which was extended through 1996. (*Id.*)

In November of 1995, while Plaintiff was on leave from the Chicago Police Department, he was hired by the City's Department of Streets and Sanitation to work as a Ward Superintendent for the 23rd Ward. (Am. Compl. ¶ 6.) Plaintiff worked full-time as Ward

Superintendent until July of 1997 at which time he took leave because of personal health problems. (*Id.* ¶ 9.) Plaintiff exhausted all of his sick days and was still unable to return to work. (*Id.*) In September of 1997, he applied for and was granted leave under the FMLA. (*Id.* ¶¶ 9-10.)

In September of 1997, Plaintiff was indicted for mail fraud. (Am. Compl. ¶ 11.) The indictment did not involve any allegations of misconduct related to Plaintiff's employment with the City. (*Id.*) Shortly after Plaintiff's indictment was publicly announced, City personnel requested that Plaintiff resign from his position as Ward Superintendent. (*Id.* ¶ 12.) When Plaintiff refused to resign, the City informed him that he was being terminated from his position effective October 23, 1997. (*Id.* ¶ 13.) On the same day, Plaintiff was reinstated to his Ward Superintendent position from FMLA leave and his discharge from the Department of Streets and Sanitation was processed. (*Id.* ¶ 14.)

On October 27, 1997, Plaintiff requested that the City reinstate him to his position as probationary police officer. (*Id.* ¶ 15.) The next day, the City delivered a letter to Plaintiff stating that as of October 24, 1997 his "resignation has been processed." (*Id.*) Plaintiff had at no time resigned from the Chicago Police Department. (*Id.*)

Plaintiff, subsequently, filed the subject Amended Complaint. As is pertinent here, in Count I, Plaintiff alleges Fourteenth Amendment due process and § 1983 claims stating that he was terminated from his position as Ward Superintendent, as to which he alleges a protected property interest, because he was not afforded notice of the termination and he was not given a hearing prior to his discharge. (Am. Compl. ¶ 18.) In Count II, Plaintiff alleges that he was terminated while on a FMLA leave, in violation of the FMLA. (*Id.* ¶ 19.) In Count III, Plaintiff

2

alleges an equal protection and § 1983 claim asserting that after his termination as Ward Superintendent, he was not permitted to seek reinstatement as a police officer due to intentional and arbitrary discrimination. (*Id.* ¶ 20.)

## MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss under Fed.R.Civ.P.12(b)(6) is to test the sufficiency of the complaint, and not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Courts read complaints liberally and a motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the district court must treat all well-pleaded allegations as being true and draw all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), cert denied, 120 S.Ct. 2691 (2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct.1683, 40 L.Ed.2d 90 (1974).

At the same time, a plaintiff must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chawla v. Klapper*, 743 F.Supp. 1284, 1285 (N.D. Ill. 1990). This requirement, however, must be considered in light of the federal system of notice pleading, which merely requires that a plaintiff set out in the complaint a short and plain statement of the claim that provides the defendant with fair notice of what the claim is and the grounds upon which it rests. *McCormick v. City of Chicago*, 230 F.3d 319, 323-26 (7th Cir. 2000); *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). For fair

3

notice to be given, "[a] complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) (*quoting Rogers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985)). The issue the court reviews is whether "sufficient facts [have been] pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998).

## ANALYSIS

I.  **DUE PROCESS CLAIM (COUNT I).**

   **A. PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM IN VIOLATION OF THE FOURTEENTH AMENDMENT BECAUSE HE DOES NOT ALLEGE A PROTECTED PROPERTY RIGHT.**

For a plaintiff to assert a violation of the due process claim of the Fourteenth Amendment, he must demonstrate that he has a protected property interest in his employment. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A property interest requires more than a "unilateral expectation" or "abstract need" for the benefit sought. *Roth*, 408 U.S. at 577, 92 S.Ct. 2701. To allege a property interest, a plaintiff must "have a legitimate claim of entitlement to it." *Id.* Such claims of entitlement are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Therefore, in order for a plaintiff to survive a motion to dismiss a due process claim he "must be able to allege that he has a constitutionally protected property interest in the expectation of continued public employment; and the existence of such an interest is determined by reference

4

to state law." *McElearney v. Univ. of Illinois*, 612 F.2d 285, 289-90 (7th Cir. 1979)(on defendant's motion to dismiss, "examination of relevant state law, consisting of state statutes, case law, and university statutes, establishes that there is no protected property interest").

Plaintiff rests his claim of entitlement to the Ward Superintendent position on Sections 2-100-110 and 2-74-060 of the Municipal Code of Chicago ("Municipal Code"). (Am. Compl. ¶ 7.) However, neither provision supports Plaintiff's claim. Section 2-100-110 of the Municipal Code does no more than refer to Ward Superintendents as employees of the Department of Streets and Sanitation. Section 2-74-060 provides for hearings for City employees, but by its express terms, it applies only to "career service" employees. It states in pertinent part:

> The personnel board, a member thereof, or a hearing officer appointed by the board shall conduct a hearing of all appeals *by any career service employee* of discharge, demotion, or suspension for a period of more than ten days upon request of the employee, and may provide by rule for review of suspensions of ten days or less. (emphasis added.)

Section 2-74-060 is consistent with Section 2-74-050 (12) of the Municipal Code which gives the City's Commissioner of Personnel the power to issue personnel rules that provide, *inter alia*,

> (12) For the establishment of disciplinary measures such as suspension, demotion in rank or grade, or discharge. *For all permanent employees in the career service*, such measures shall provide a statement of the charges on which discipline is based, together with an explanation of the evidence supporting the charges and an opportunity for the employee to respond to the charges in writing before action is taken, appeals after such disciplinary action, and a hearing on the charges upon request of the employee in case of discharge, demotion, or suspension exceeding 30 days, consistent with the requirements of the due process of law. (emphasis added.)

The Municipal Code sections relied on by Plaintiff thus clearly create property rights <u>only</u>

with respect to "career service" City employees.[1] The Code does not provide procedures for non-career service employees to challenge their termination, nor does it provide that non-career service employees may be discharged only "for cause." *See also Misek v. City of Chicago*, 783 F.2d 98, 99-100 (7th Cir. 1986)(plaintiffs were found to have property interests in their jobs, because they were career service employees.) Because Plaintiff has not alleged that he was a career service employee and has pleaded no other alleged basis for a protected property right in his job[2], he has not established a basis of entitlement to his position as Ward Superintendent within the meaning of the due process clause of the Fourteenth Amendment.[3]

### B. ALTERNATIVELY: PLAINTIFF FAILS TO PLEAD AN UNLAWFUL MUNICIPAL POLICY UNDER § 1983 AS TO HIS DUE PROCESS CLAIM.

In order for a plaintiff to state a § 1983 claim against a municipality, he must allege the existence of a municipal policy or custom which caused the alleged violation. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality can be liable under § 1983 only where its policy(s) is the "moving force" behind the constitutional violation; i.e., the city's policy must be the source of the discrimination. *Samuel v. City of Chicago*, 41 F.Supp.2d 808, 810 (N.D. Ill. 1999) and cases there cited. To

---

[1] *See* Section 2-74-030 of the Code establishing classifications of City employees, including career service employees (Section 2-74-030(13)) and career service exempt employees (Section 2-74-303(12)).

[2] *See, e.g., Shlay v. Montgomery*, 802 F.2d 918, 921 (7th Cir. 1986).

[3] The Amended Complaint refers once to unspecified "City of Chicago Personnel Rules." (Am. Compl. ¶ 18; *see also* Pl.'s Resp. Mem. at 3.) This appears to be referring to the subject Municipal Code. In any event, besides this "Rule" reference being inappropriately conclusory, it suffices to say that these Personnel rules are issued pursuant to the same Municipal Code discussed herein (Section 2-74-050) and thus doesn't create greater rights than already discussed herein regarding that Municipal Code.

6

allege that a municipal policy has violated an individual's civil rights under § 1983, a plaintiff needs to set forth either (1) an express policy that, when enforced, causes a constitutional deprivation; or (2) a widespread practice that, although not authorized by express municipal policy, is so permanent and well-settled that it amounts to a custom with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

Plaintiffs in a § 1983 case against a municipality, though, are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Plaintiffs need not "allege all, or any of the facts logically entailed by the claim ... A plaintiff does not have to plead evidence .... [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses Assoc. v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986).

A plaintiff, nevertheless, must do more than plead an empty allegation of municipal policy to state a § 1983 claim. *Taylor v. City of Chicago*, 1997 WL 51445, *2 (N.D. Ill. 1997); (*citing Doherty*, 75 F.3d at 326 (7th Cir. 1996); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). A plaintiff must plead operative facts which form the basis of the claim. *McCormick*, 230 F.3d at 325.

In the Amended Complaint here, however, there is no mention at all of a municipal

7

"policy." Thus, there simply is no allegation, conclusory or factual, to support a § 1983 due process policy claim against the City here.[4]

Moreover, Plaintiff's citation of *Sledd v. Linsday*, 102 F.3d 282 (7th Cir. 1996) and *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997), respectfully, is misplaced. In both of these cases, unlike here, the plaintiffs expressly alleged that the municipalities had maintained certain official policies that violated the plaintiff's civil rights.

## II. PLAINTIFF FAILS TO ALLEGE A VIABLE CLAIM UNDER THE FAMILY MEDICAL LEAVE ACT (COUNT II).

In Count II, Plaintiff alleges that he was terminated from his position as Ward Superintendent while on a FMLA leave, in violation of the FMLA. 29 U.S.C. § 2601 *et seq*. (Am. Compl. ¶ 19.) The City argues that this allegation is insufficient, even under federal notice pleading standards, to state a claim under the FMLA. (Def.'s Mem. at 8.) The court agrees.

Plaintiff does not allege he was discharged because he sought or took an FMLA leave; rather, Plaintiff alleges only that he was discharged "while on a FMLA leave." (Am. Compl. ¶ 19.) The FMLA, however, prevents employers only from discriminating against employees for requesting leave authorized by the Act. 29 U.S.C. § 2617; *Hypes v. First Commerce Corp.*, 134 F.2d 721, 725-26 (5th Cir. 1998). Therefore, if, as here, Plaintiff fails to allege that his discharge was motivated by his request for leave there is no liability under the FMLA. *Id.* See also *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998.) Under the FMLA, there is no absolute right not to be discharged while on such a leave. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680

---

[4]In fact, the Amended Complaint, in essence, alleges not that City policy caused a deprivation (as is required), but that the City's act of discharging Plaintiff without notice or a hearing actually runs counter to City policy. (Am. Compl. ¶¶ 14, 18.)

(7th Cir. 1997)(employee has "no greater right to reinstatement or to other benefits and conditions of employment than if employee had been continuously employed during the FMLA leave period," *citing* 29 C.F.R. § 825.216(a)). *See also Clay v. City of Chicago*, 143 F.3d 1092, 1094 (7th Cir. 1998)(plaintiff, who was not reinstated to her job on returning from FMLA, but instead was advised she would be discharged, could not show her discharge was for taking FMLA leave and therefore could not prove a violation of the statute).

In short, Plaintiff has not alleged any legal wrong under the FMLA.

## III. EQUAL PROTECTION CLAIM (COUNT III).

### A. PLAINTIFF HAS FAILED TO ALLEGE AN EQUAL PROTECTION CLAIM.

Plaintiff alleges that his Fourteenth Amendment equal protection rights were violated when he was discharged and not reinstated to his former position as police officer. (Def.'s Mem. at 4.) Initially, Plaintiff is not alleging an equal protection claim based on his membership in a particular class or vulnerable group. *See, e.g., New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1481-82 (7th Cir. 1990); *Smith v. Town of Eaton*, 910 F.2d 1469, 1472 (7th Cir. 1990), *cert. denied*, 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991). Also, the City notes, *inter alia*, that Plaintiff has not alleged any fundamental right that he is seeking to protect. Accordingly, where, as here, there is no suspect classification or fundamental right asserted, the government action that has been challenged is not subject to strict scrutiny. Instead, that action need only bear a rational relationship to a legitimate governmental purpose. *Turner v. Glickman*, 207 F.3d 419, 424 (7th Cir. 2000); *Wroblewski v. City of Washburn*, 965 F.2d 452, 458 (7th Cir. 1992).

When applying the described rational basis standard, courts presume that the challenged

governmental action is constitutional. *Wroblewski*, 965 F.2d at 459 (*citing City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976)). Review under the rational basis test "is not a license for courts to judge the wisdom, fairness or logic" of the government action. *FCC v. Beach Comm., Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). For a plaintiff to overcome the presumption of rationality, he must meet a heavy burden of showing that the challenged governmental action was "completely ludicrously arbitrary." *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 342 (7th Cir. 1991).

Plaintiff expressly recognizes that as an essential element of his equal protection claim he must allege that there is "no rational basis" for the City's acts. (Pl.'s Resp. Mem. at 5, *quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000).) Plaintiff, however, has not alleged an absence of rational basis for the City's acts.[5] In fact, to the contrary, Plaintiff does not dispute the City's point that a rational basis existed for the discharge; that is, Plaintiff was indicted on federal mail fraud charges. Accordingly, Plaintiff has failed to state an equal protection claim regarding his subject termination.

### B. PLAINTIFF'S EQUAL PROTECTION CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

As seen, Plaintiff alleges defendant failed to reinstate him to a position as a police officer, in violation of the equal protection clause. (Am. Compl. ¶ 20.) Even, *arguendo*, if Plaintiff's equal protection claim were otherwise viable, however, this claim is untimely.

---

[5] To make out a prima facie case of "no rational basis" in a class of one "equal protection" case, the plaintiff, very strictly, must present that the defendant deliberately sought to deprive the plaintiff of equal protection for reasons "of a personal nature" unrelated to the duties of the defendant's position. *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000). This must entail "vindictive action" which requires proof of a "totally illegitimate animus" toward plaintiff by the defendant. *Id.*

10

The statute of limitations for § 1983 claims in Illinois is two years. *Northen v. City of Chicago*, 126 F.3d 1024, 1026 (7th Cir. 1997). Plaintiff did not allege in his original complaints in this cause that he unlawfully was denied reinstatement to a position as police officer. That adverse employment action was raised for the first time in his Amended Complaint filed on or about August 4, 2000. Plaintiff alleges he was denied reinstatement on October 28, 1997 (Am. Compl. ¶ 15), more than two years before the Amended Complaint was filed. That claim, therefore, is time barred and subject to dismissal. *See e.g., Kauthar SBD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998); *Tregenza v. Great Amer. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Citing Rule 15(c)(2)[6], Plaintiff contends that his discharge as a probationary police officer is not limitations barred as it arose out of the "same conduct, transaction or occurrence" as his discharge as Ward Superintendent set forth in the original pleading(s) herein. The court finds, however, that Plaintiff's claim that the Chicago Police Department failed to rehire him as a police officer does not relate back to the claim that the Department of Streets and Sanitation discharged him from his employment as a Ward Superintendent. These separate employment actions at different times by different City departments involving different jobs do not constitute the "same conduct, transaction or occurrence" under Rule 15(c)(2).

## C. ALTERNATIVELY: PLAINTIFF FAILS TO PLEAD AN UNLAWFUL POLICY UNDER § 1983 AS TO HIS EQUAL PROTECTION CLAIM.

This § 1983 equal protection policy claim of Plaintiff falls for the same reason(s) set forth in Plaintiff's § 1983 due process claim, (Section I.B, *supra*.) Accordingly, Section I.B of this

---

[6] 15(c)(2) Fed.R.Civ.P.

11

opinion, *supra*, is incorporated herein by reference (except for Footnote 4 thereunder).

## CONCLUSION

In view of the foregoing, the City's motion to dismiss Counts I, II, and III of Plaintiff's Amended Complaint is granted.

ENTER:

_____
IAN H. LEVIN
**United States Magistrate Judge**

Dated: December 29, 2000